**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **NORMA BROWN GRIFFIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 5:17-03111** |
| | ) | |
| **STATE OF WEST VIRGINIA,** *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Petitioner's Motion for Preliminary Injunction (Document No. 18), filed on June 27, 2017; and (2) Respondents' Motion to Dismiss (Document No. 24), filed on June 13, 2017. By Order entered on June 2, 2017, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondents' Motion to Dismiss and deny Petitioner's Motion for Preliminary Injunction.

**PROCEDURE AND FACTS**

1.     **Case No. 13-F-52:**

Following a two-day jury trial, Petitioner was convicted in the Circuit Court of Greenbrier County on October 24, 2013, of one count of Extortion. State v. Griffin , Case No. 13-F-52 (Greenbrier Co. Jan. 29, 2014); (Document No. 24-1.) On November 4, 2013, Petitioner, by counsel, Eric M. Francis, filed a Motion for New Trial and a Motion for a Stay of Execution of her sentence pending resolution of the Motion for New Trial and appeal. (Document Nos.

24-2 and 24-3.) On November 25, 2013, Petitioner, by counsel, filed her Notice of Appeal. (Document No. 24-6.) By Order entered on January 29, 2014, the Circuit Court denied Petitioner's Motion for New Trial, deferred sentencing pending Petitioner's presentence diagnostic and classification evaluation pursuant to W. Va. Code § 62-12-7a, and granted Petitioner's Motion for Stay of Execution of Sentence until such time that Petitioner's direct appeal was concluded before the Supreme Court of Appeals of West Virginia ("SCAWV"). (Document No. 24-4.)

On February 10, 2014, Petitioner, by counsel, filed in the SCAWV a Motion for Leave to Docket Appeal. (Document No. 24-5.) On March 21, 2015, Petitioner, by counsel, filed in the Circuit Court a Motion for New Trial based upon a claim that an unqualified juror (Juror Overstreet) was improperly empaneled. (Document No. 24-9, pp. 2 – 3.) By letter dated May 27, 2014, Circuit Judge Joseph C. Pomponio, Jr., notified the Clerk of the SCAWV that a Motion for New Trial had been filed in the underlying criminal action arguing the issue of juror disqualification. (Document No. 24-11, pp. 3 – 4.) Circuit Judge Pomponio further stated that he had already granted a new trial in a separate case in which Juror Overstreet had served as a juror. (Id.) On June 3, 2014, the SCAWV issued a "Notice of Intent to Dismiss" noting that it had received notice from the Circuit Court that Petitioner's motion for a new trial had been granted. (Document No. 24-7, p. 2 and Document No. 24-11, p. 3 - 4.) On June 25, 2014, Petitioner, by counsel, filed a Motion to Dismiss based upon counsel's belief that Petitioner would be granted a new trial based upon the disqualification of juror. (Id., p. 3.) By Order entered the same day, the SCAWV granted Petitioner's Motion and dismissed her appeal. (Id.) Subsequently, Circuit Judge Pomponio retired without entering an Order granting Petitioner a new trial based on the

disqualified juror issue. (Id.) On November 24, 2014, the State filed a Response in opposition of Petitioner's Motion for New Trial based upon the improper juror issue. (Document No. 24-9.) On December 4, 2014, Petitioner, by counsel, filed a Reply to the State's Response. (Document No. 24-10.) On December 8, 2014, Circuit Judge Robert Richardson conducted a full hearing on the juror issue. (Document No. 24-11.) By Order entered on January 7, 2015, Circuit Judge Richardson denied Petitioner's Motion for a New Trial. (Id.)

On January 14, 2015, Petitioner, by counsel, filed a Motion for Stay of Sentence stating her intention to file a motion for a writ of mandamus challenging the Circuit Court's Order denying Petitioner's Motion for New Trial. (Document No. 24-12.) On January 20, 2015, Petitioner, by counsel, filed in the Circuit Court a "Writ of Mandamus/Notice of Intent to Appeal." (Document No. 24-13.) On January 22, 2015, Petitioner, by counsel, filed a Petition for Writ of Mandamus with the SCAWV. (Document No. 24-14.) The Circuit Court denied Petitioner's Motion for a Stay of Sentence on January 30, 2015, and directed Petitioner to report to Lakin Correctional Center for the completion of her presentence diagnostic and classification evaluation. (Document No. 24-15.) On the same day, Mr. Francis filed a "Motion to be Removed as Counsel" for Petitioner. (Document No. 24-16.) On February 17, 2015, the State filed its "Summary Response to Petitioner's Writ of Mandamus/Notice of Intent to Appeal." (Document No. 24-17.) On March 11, 2015, the SCAWV refused Petitioner's request for a writ of mandamus with leave for Petitioner to file a renewed notice of appeal that includes all appealable issues in the underlying criminal action. (Document No. 24-18.) On April 7, 2015, Circuit Judge Richardson entered an Order Substituting Ryan H. Keesee as counsel for Petitioner. (Document No. 24-19.)

On May 22, 2015, Petitioner, by counsel, filed in the Circuit Court a "Renewed Motion for New Trial." (Document No. 24-20.) Following the completion of the diagnostic and classification evaluation, the Circuit Court conducted Petitioner's sentencing hearing on May 26, 2015. (Document No. 24-21.) The Circuit Court first denied Petitioner's Renewed Motion for New Trial. (Id.) The Circuit Court then sentenced Petitioner to serve one (1) to five (5) years in the penitentiary and ordered Petitioner to return the extorted property to the victim as restitution. (Id.) The Circuit Court suspended Petitioner's term of incarceration and directed that Petitioner serve the remainder of her sentence on home confinement. (Id.) Finally, the Circuit Court took Petitioner's oral Motion to Stay Execution of the Sentence under advisement pending the filing of a written Motion and Response. (Id.)

On June 17, 2015, Petitioner, by counsel, filed a "Motion for Stay of Execution of Sentence." (Document No. 24-22.) On July 14, 2015, the Circuit Court conducted a hearing and granted Petitioner's "Motion for a Stay of Execution of Sentence." (Document No. 24-24.) On July 21, 2015, Petitioner, by counsel, filed her Notice of Appeal. (Document No. 24-23.) The SCAWV entered its Scheduling Order on July 29, 2015. (Document No. 24-26, pp. 2 – 4.) On September 29, 2015, Petitioner, by counsel, filed a Motion for Extension of Scheduling Deadlines. (Id., p. 5.) In support, counsel stated that he just became aware that he had not requested transcripts for all pretrial hearings. (Id., p. 15.) By Order entered on October 5, 2015, the SCAWV granted Petitioner's Motion and directed Petitioner to file an Amended Notice of Appeal. (Id., p. 5.) On October 30, 2015, Petitioner, by counsel, filed her Amended Notice of Appeal. (Document No. 24-25.) Counsel, however, filed an Amended Notice of Appeal that was identical to the original notice of appeal, which again neglected to request transcripts for all

pretrial hearings. (Document No. 24-26, p. 15 – 16.) By Order entered on November 10, 2015, the SCAWV entered another Amended Scheduling Order. (Document No. 24-26, pp. 6 – 8.) On January 26, 2016, Petitioner, by counsel, filed her second Motion for Extension of Scheduling Deadlines. (Id., p. 9.) In support, counsel stated that he had been informed by the court reporter that all requested transcripts had been previously provided to either him or petitioner's prior counsel. (Id., p. 16.) By Order entered on February 2, 2016, the SCAWV granted Petitioner's Motion and entered an Amended Scheduling Order. (Id., pp. 9 – 10.) On April 25, 2016, Petitioner, by counsel, filed her third Motion for Extension of Scheduling Deadlines. (Id., p. 11 - 12.) In support, counsel acknowledged that he now had all transcripts, but he needed additional time due to several scheduled trials and to conduct further research. (Id., p. 16.) By Order entered on April 26, 2016, the SCAWV granted Petitioner's Motion and entered an Amended Scheduling Order. (Id.) The SCAWV noted that this would be the Court's final granting of an extension of time. (Id.) On June 24, 2016, Petitioner, by counsel, filed her fourth Motion for Extension of Scheduling Deadlines. (Id., p. 13 - 14.) In the Motion, counsel requested a sixty-day extension of time to perfect the appeal. (Id., p. 16.) By Order entered on July 13, 2016, the SCAWV granted in part Petitioner's Motion by requiring Petitioner's appeal to be perfected by July 25, 2016. (Id.)

On July 25, 2016, Petitioner, by counsel, filed Petitioner's Brief and Appendix. (Id.) On July 28, 2016, the SCAWV entered a "Notice of Intent to Sanction and Rule to Show Cause" concerning Petitioner's counsel's failure to perfect the appeal. (Document No. 24-26, pp. 15 - 18.) The Court noted that even though counsel had filed Petitioner's Brief and an Appendix, neither complied with the Rules of Appellate Procedure. (Id.) Specifically, the Court concluded

that the appeal has not been perfected because "[t]he brief consists only of a compilation of assignments of error and appears to be a draft." (Id.) The SCAWV, therefore, directed counsel to properly perfect the appeal within ten days or show cause why he should not be held in contempt of Court. (Id.) On August 18, 2016, Petitioner, by counsel, filed Petitioner's Brief asserting the following assignments of error:

1. West Virginia Code § 61-2-3 criminalizing extortion is unconstitutional on its face.

2. The trial court erred in refusing to instruct the jury as to the meaning of criminal intent to commit extortion.

3. The trial court erred in refusing to grant the appellant a new trial based on improper paneling and an unqualified juror.

4. Ineffective assistance of trial counsel.

5. The trial court failed to declare a mistrial upon being informed of prosecutorial misconduct.

6. The trial court erred in refusing to dismiss the case pursuant to violation of the "three term rule," W. Va. Code § 62-3-21 (1959).

7. The trial court was in plain error in its response to a question from the jury during its deliberations.

8. The State's evidence as presented at the trial court was insufficient to convict the appellant.

9. The Court erred in suppressing the testimony of Ray Proops, as a communication between testifying witness, Jack Griffin, and his pastor under W.Va. Code § 57-3-9.

10. Cumulative error.

(Document No. 24-27.) The State filed its "Response Brief" on November 18, 2016. (Document No. 24-28.) Petitioner, by counsel, filed her "Reply Brief" on December 8, 2016. (Document No. 24-29.) On April 28, 2017, the SCAWV affirmed Petitioner's conviction and sentence.

(Document No. 24-30, pp. 2 - 10.); <u>State v. Norma G.</u>, 2017 WL 1535074 (W.Va. April 28,

2017). The SCAWV issued its mandate on May 31, 2017. (Document No. 24-30, p. 11.) On June

12, 2017, the Circuit Court vacated its order staying the execution of Petitioner's sentence.

(Document No. 13-1.) Specifically, the Circuit Court ordered that Petitioner begin serving her

term of home confinement on June 15, 2017, and to make restitution to the victim by June 30,

2017. (<u>Id.</u>)

**2.      Section 2254 Petition:**

On June 1, 2017, Petitioner, acting *pro se*, filed her Petition Under 28 U.S.C. § 2254 for

Writ of *Habeas Corpus* By a Person in State Custody.[1]  (Document Nos. 2 and 3.) In her Petition,

Petitioner argues that pursuant to Section 2254(b)(1)(B)(ii) circumstances exist that render the

State's *habeas* corpus process ineffective to protect her rights under the law. (Document No. 2,

pp. 1 – 3.) Although Petitioner indicates that proceedings are ongoing in Greenbrier County

Circuit Court, Petitioner complains that she has "lost all faith in the judicial system and the

Circuit Court of Greenbrier County." (<u>Id.</u>, p. 2.) Petitioner explains that she has "lost all faith in

the judicial system and the Circuit Court of Greenbrier County" because the Court allowed

and/or condone "violations of the law to secure a conviction at all costs." (<u>Id.</u>) Petitioner

explains that the State Court denied her Motion for a New Trial "based on witness intimidation

perpetrated by the state against her witnesses, a disqualified member of the jury pool, the judge

having a communication with a deadlocked jury via the passing of a note that was not seen by

the petitioner or her counsel prior to the passing the note to the jury, violation of the three terms

---

[1]  Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a
less stringent standard than if they were prepared by a lawyer, and therefore they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of court rule, and withholding of exculpatory evidence by the prosecutor and arresting officer from the grand jury." (Id., pp. 2 – 3.) Thus, Petitioner concludes that extraordinary circumstances exist because any attempt to obtain *habeas* relief in State court would be futile.[2] (Id., p. 3.) In the alternative, Petitioner requests that her Petition be "held in abeyance until her current state court pleadings have been fully exhausted." (Id.) As grounds for *habeas* relief, Petitioner asserts the following:

1.   West Virginia Code § 61-2-3 criminalizing extortion is unconstitutional on its face.

2.   The State's intentional withholding of exculpatory evidence from the grand jury tainted a true bill.

3.   Improper communication between prosecutor and a witness for the Petitioner.

4.   Improper instructions to the jury.

5.   Ineffective assistance of counsel.

6.   Prosecutorial misconduct.

7.   Constitutional errors in evidentiary rulings.

8.   Denial of right to a speedy trial.

9.   Conflict of interest in court staff during the trial.

10.   The arresting officer perjured himself repeatedly and misrepresented facts to the Court.

11.   Constitutional errors in the ruling by the West Virginia Supreme Court of Appeals.

12.   Ineffective assistance of appellant counsel.

---

[2] In her form Petition, Petitioner states that she "believes that state remedies are moot due to state actors and the court proceedings are so egregious as to not give the Petitioner due process and ineffective to protect her rights." (Document No. 3, p. 7.)

(Id., pp. 5 – 21.) Finally, Petitioner asserts that the above "cumulative errors, the state's interference with witnesses and the state's entire case being circumstantial has prevented her from having a fair trial, due process, and equal protection under the law." (Id., pp. 21 – 22.)

By Order entered June 2, 2017, the undersigned denied as moot Petitioner's Application to Proceed Without Prepayment of Fees or Costs[3] and directed Respondent to file a Response to Petitioner's Petition. (Document No. 5.) On June 14, 2017, Petitioner filed a "Motion to Amend Petition for Writ of Habeas Corpus." (Document No. 10.) In her Motion, Petitioner requested permission to supplement her Petition to include additional factual allegations that occurred since the filing of her original Petition. (Id.) Petitioner included the supplemental allegations with her Motion to Amend. (Id.) By Order entered on June 15, 2017, the undersigned granted Petitioner's Motion to Amend and directed Respondents to file an Answer. (Document No. 11.)

On June 19, 2017, Petitioner filed a "Motion to Stay Under 28 U.S.C. § 2251." (Document No. 13.) In her Motion, Petitioner requested that this Court "stay the execution of sentencing pending the outcome of" the above *habeas* action. (Id.) In support of her Motion, Petitioner stated she filed a Motion to Stay Execution of Sentencing in the Circuit Court of Greenbrier County on June 8, 2017. (Id.) Petitioner, however, stated that on June 12, 2017, the Circuit Court vacated the previous stay and ordered that "the property be signed back over in its entirety to the Petitioner's ex-husband, and the alleged victim, by June 30, 2017, and that Petitioner report to home incarceration by June 15, 2017." (Id.) Petitioner complained that the Circuit Court failed to conducted a hearing on her Motion to Stay even though "West Virginia Code § 62-7-1 allows for the state judge to stay the proceedings and at the very least hold a

---

[3] On the same day as filing her Application to Proceed Without Prepayment of Fees, Petitioner

hearing on the petitioner's motion." (Id.) Next, Petitioner argued "the property in question is a marital issue and the proper venue on the decision of the property division is a family court matter and not a criminal court matter." (Id.) Finally, Petitioner alleged that requiring her "to follow the State court order and sign the property back over to her ex-husband will in fact cause irreparable harm and a violation of her constitutional rights." (Id.) As Exhibits, Petitioner attached the following: (1) A copy of an Order from the Circuit Court of Greenbrier County vacating the stay of execution of sentence (Document No. 13-1.); and (2) A copy of a transcript of a conversation between Petitioner and her ex-husband (Document No. 14.). On June 26, 2017, Respondents filed their Response in Opposition arguing that "Petitioner's reliance on premature federal collateral *habeas* review to stay the State court's sentencing order and prevent the return of extorted property is not justified under 28 U.S.C. § 2251." (Document No. 17.)

On June 27, 2017, Petitioner filed a "Motion for Preliminary Injunction or Temporary Restraining Order Under Rule 65" and Memorandum in Support. (Document Nos. 18 and 19.) Specifically, Petitioner requests that this Court grant Petitioner a preliminary injunction or temporary restraining order "against the Circuit Court of Greenbrier County, West Virginia, until such time that this Court can rule on Petitioner's motion for stay or the *habeas corpus* petition." (Id.) On June 30, 2017, Petitioner filed her Reply to Respondents' Response in Opposition. (Document No. 20.) By Order entered on July 5, 2017, the undersigned denied Petitioner's "Motion to Stay Under 28 U.S.C. § 2251." (Document No. 22.)

On July 13, 2017, Respondents filed their Answer, Motion to Dismiss, and Memorandum in Support thereof with Exhibits. (Document Nos. 23 - 25.) Specifically, Respondents argue that Petitioner's Petition be dismissed without prejudice for failure to exhaust existing State court

also paid the $5.00 filing fee. (Document Nos. 1 and 2.)

remedies as required under 28 U.S.C. § 2254(b)(1)(A). (Id.) Respondents note that Petitioner's Petition is partly unexhausted and she only recently initiated State *habeas* proceedings. (Id.)

As Exhibits, Respondents attach the following: (1) A copy of Petitioner's "Verdict Order" as filed in the Circuit Court in Criminal Action No. 13-F-52 (Document No. 24-1.); (2) A copy of Petitioner's "Motion for New Trial" as filed in the Circuit Court on November 4, 2014 (Document No. 24-2.); (3) A copy of Petitioner's "Motion for Stay of Execution" as filed in the Circuit Court on January 8, 2014 (Document No. 24-3.); (4) A copy of Petitioner's "Sentencing Order" as filed in the Circuit Court on January 29, 2014 (Document No. 24-4.); (5) A copy of Petitioner's "Motion for Leave to Docket Appeal" as filed in the SCAWV on February 10, 2014 (Document No. 24-5.); (6) A copy of Petitioner's "Notice of Appeal" as filed with the SCAWV on November 25, 2013 (Document No. 24-6.); (7) A copy of the SCAWV's "Notice of Intent to Dismiss" as filed on June 3, 2014 (Document No. 24-7.); (8) A copy of Petitioner's "Memorandum of Law in Support of Juror Disqualification Issue" as filed in the Circuit Court on March 26, 2014 (Document No. 24-8.); (9) A copy of the "State's Response to Defendant's Motion for New Trial Due to Juror Disqualification Issue" as filed in the Circuit Court on November 24, 2014 (Document No. 24-9.); (10) A copy of Petitioner's "Reply to State's Response to Defendant's Motion for New Trial Due to Juror Disqualification Issue" as filed in the Circuit Court on December 5, 2014 (Document No. 24-10.); (11) A copy of the Circuit Court's "Order Denying Motion for New Trial" as filed on January 7, 2015 (Document No. 24-11.); (12) A copy of Petitioner's "Motion for Stay of Sentence" as filed in the Circuit Court on January 14, 2015 (Document No. 24-12.); (13) A copy of Petitioner's "Writ of Mandamus/Notice of Intent to Appeal" as filed in the Circuit Court on January 20, 2015

(Document No. 24-13.); (14) A copy of Petitioner's "Writ of Mandamus" as filed with the SCAWV on January 22, 2015 (Document No. 24-14.); (15) A copy of the Circuit Court's "Order Denying Motion for Stay" as filed on January 30, 2015 (Document No. 24-15.); (16) A copy of Mr. Francis' "Motion to be Removed as Counsel" as filed in the Circuit Court on January 30, 2015 (Document No. 24-16.); (17) A copy of the State's "Summary Response to Petitioner's Writ of Mandamus/Notice of Appeal" as filed in the SCAWV on February 17, 2015 (Document No. 24-17.); (18) A copy of the SCAWV's Order refusing Petitioner's writ of mandamus and giving leave for Petitioner to file a renewed notice of appeal (Document No. 24-18.); (19) A copy of the Circuit Court's "Order Substituting Counsel" as filed on April 7, 2015 (Document No. 24-19.); (20) A copy of Petitioner's "Renewed Motion for New Trial" as filed in the Circuit Court on May 22, 2015 (Document No. 24-20.); (21) A copy of the Circuit Court's "Sentencing Order and Order Denying Defendant's Renewed Motion for New Trial" as filed on June 18, 2015 (Document No. 24-21.); (22) A copy of Petitioner's "Motion for Stay of Execution of Sentence" as filed in the Circuit Court on July 17, 2015 (Document No. 24-22.); (23) A copy of Petitioner's "Notice of Appeal" as filed in the SCAWV on July 21, 2015 (Document No. 24-23.); (24) A copy of the Circuit Court's "Order Granting Defendant's Motion to Stay Execution of Sentence" as filed on July 24, 2015 (Document No. 24-24.); (25) A copy of Petitioner's Amended "Notice of Appeal" as filed in the SCAWV on October 30, 2015 (Document No. 24-25.); (26) A copy the SCAWV's "Scheduling Order" as entered on July 29, 2015 (Document No. 24-26, pp. 2 – 4.); (27) A copy of the SCAWV's "Amended Scheduling Order" as entered on October 5, 2015 (Id., p. 5.); (28) A copy of the SCAWV's "Amended Scheduling Order" as entered on November 10, 2015 (Id., pp. 6 – 8.); (29) A copy of the

SCAWV's "Amended Scheduling Order" as entered on February 2, 2016 (Id., pp. 9 – 10.); (30) A copy of the SCAWV's "Amended Scheduling Order" as entered on April 26, 2016 (Id., pp. 11 – 12.); (31) A copy of the SCAWV's "Amended Scheduling Order" as entered on July 13, 2016 (Id., pp. 13 – 14.); (32) A copy of the SCAWV's "Notice of Intent to Sanction and Rule to Show Cause" as entered on July 28, 2016 (Id., pp. 15 – 18.); (33) A copy of the SCAWV's "Amended Scheduling Order" as entered on September 29, 2016 (Id., p. 19.); (34) A copy of Petitioner's Brief on Appeal as filed in the SCAWV on August 18, 2016 (Document No. 24-27.); (35) A copy of the State's Brief as filed in the SCAWV on November 18, 2016 (Document No. 24-28.); (36) A copy of Petitioner's Reply Brief as filed in the SCAWV on December 8, 2016 (Document No. 24-29.); (37) A copy of the SCAWV's "Memorandum Decision" affirming Petitioner's conviction and sentence as filed on April 28, 2017 (Document No. 24-30, pp. 2 - 10.); (38) A copy of the SCAWV's Mandate as issued on May 31, 2017 (Id., p. 11.); and (39) A copy of the Docket Sheet for Petitioner's State *habeas* proceedings (Case No. 17-C-139) in the Circuit Court of Greenbrier County (Document No. 24-31.).

On July 14, 2017, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising her of the right to file a response to Respondent's Motion to Dismiss. (Document No. 26.) On October 2, 2017, Petitioner filed her Response in Opposition. (Document No. 36.) Petitioner acknowledges that her claims are "partly unexhausted" and she has filed a mixed petition. (Id., pp. 1 and 32.) Petitioner, however, argues that circumstances exist pursuant Section 2254(b)(1)(B)(ii) that render the State's *habeas corpus* process ineffective to protect her rights. (Id.) Petitioner first contends that exhaustion would be futile. (Id., pp. 4 – 5.) Petitioner additionally complains of delay by the State court in her pending *habeas*

proceedings (Id.) Finally, Petitioner argues the merits of each of her grounds for *habeas* relief that were asserted, and denied, on direct appeal. (Id., pp. 6 – 32.) Petitioner further concludes that her unexhausted claims have merit. (Id., p. 32.)

As Exhibits, Petitioner files the following: (1) A copy of pertinent pages from the trial transcripts (Document No. 36-1, pp. 1 – 7;); (2) A copy of the transcripts from the hearing on Petitioner's Motion for a New Trial (Id., pp. 8 – 27.); (3) A copy of a letter from the Florida Highway Safety and Motor Vehicles dated April 10, 2012 (Document No. 36-2, p. 1.); (4) A copy of transcripts from a pretrial motions hearing conducted on October 15, 2013 (Id., pp. 2 – 15.); (5) A copy of Jack Griffin's trial testimony (Document No. 36-2, pp. 16 – 35.); (6) A copy of telephone records (Document No. 36-3, pp. 1 – 23.); (7) A copy of Roger Baker's trial testimony (Id., pp. 24 – 27 and Document No. 36-7, pp. 1 - 33.); (8) A copy of an Order from the Circuit Court of Pocahontas County affirming Roger Baker's conviction of battery in the Magistrate Court, the docket sheet, and the Criminal Complaint (Document No. 36-3, p. 28 - 33.); (9) A copy a letter from the Assistant Prosecutor Cook addressed to defense counsel concerning a plea offer to Petitioner (Id. p. 33.); (10) A copy of Steve Hunter's trial testimony (Document No. 36-4, pp. 1 – 6.); (11) A copy a letter from the Assistant Prosecutor Cook addressed to defense counsel regarding discovery (Id., pp. 7 – 8.); (12) A copy of Prosecutor Cook's closing arguments (Id., pp. 9 – 15.); (13) A copy of the sentencing transcripts (Id., pp. 16 – 24.); (14) A copy of an Affidavit from former defense counsel, Ryan Keesee (Id., p. 25.); (15) A copy of Petitioner's Indictment for Extortion as filed in the Circuit Court of Greenbrier County on February 8, 2012 (Case No. 12-F-45) (Id., pp. 26 – 27.); (16) A copy of an Order dismissing without prejudice Case No. 12-F-45 due to a conflict of interest by the prosecutor

who presented the case to the grand jury (Id., p. 28.); (17) A copy of Petitioner's Indictment for Extortion as filed in the Circuit Court of Greenbrier County in June 2012 (Case No. 12-F-123) (Id., pp. 29 – 30.); (18) A copy of an "Agreed Order of Continuance" as filed in the Circuit Court in Case No. 12-F-123 (Id., p. 31 - 32.); (19) A copy of the Circuit Court's "Order Granting Defendant's Motion to Quash Indictment" based upon a determination that a member of the grand jury had personal knowledge of Petitioner resulting in a prejudicial and biased grand jury (Id., pp. 33 – 35.); (20) A copy of Petitioner's Amended Indictment as filed in Case NO. 13-F-52 (Id., p. 36.); (21) A copy of Petitioner's "Motion to Dismiss" as filed in Case No. 13-F-52 (Id., pp. 37 – 39.); (22) A copy of the Circuit Court's "Order Denying Defendant's Pre-Trial Motions" (Id., pp. 40 – 42.); (23) A copy of transcripts from the pretrial motions hearing and on Petitioner's motion to dismiss (Document No. 36-5, pp. 1 – 28.); (24) A copy of the State's "Response to Defendant's Motion to Dismiss" (Id., pp. 29 – 33.); (25) A copy of a jury question as presented to the Circuit Court (Id., p. 34.); (26) A copy of Petitioner's Affidavit (Id., pp. 35 – 39.); (27) A copy of the trial transcripts concerning arguments made as to whether a conversation between Mr. Griffin and his pastor were privileged (Id., pp. 40 – 45.); (28) A copy of the State's "Jury Instruction No. 1 Extortion (by Accusation of an Offense)" (Id., pp. 45 – 47.); (29) A copy of an Affidavit from Ray Lee Propps, pastor of Living Waters Family Worship Center (Id., p. 48.); (30) A copy of a CD of conversations between Petitioner and Mr. Griffin dated August 14, 2011 (Document No. 36-6, p. 1.); (31) A copy of the transcript of the audio records (Id., pp. 2 – 17.); (32) A copy of Joanna Willis trial testimony (Document No. 36-8, pp. 1 - 9.); and (33) A copy of Barbara Stone's trial testimony (Id., pp. 10 – 17.).

3.      **First State *Habeas* Petition:**

On July 11, 2017, Petitioner, acting *pro se*, filed her Petition for Writ of *Habeas Corpus* in the Circuit Court of Greenbrier County. (Document No. 24-31.); <u>Griffin v. State</u>, Case No. 17-C-139 (Cir. Ct. Greenbrier Co.). This petition is currently pending before the Circuit Court.

<u>**THE APPLICABLE STANDARD**</u>

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. <u>See</u> <u>Walker v. True</u>, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); <u>also see</u> Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." <u>Walker v. Kelly</u>, , 139 (4th Cir. 2009)(<u>citing</u> <u>Wolfe v. Johnson</u>, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" <u>Massey v. Ojaniit</u>, 759 F.3d 343, 353 (4th Cir. 2014)(<u>quoting</u> <u>Blankenship v. Manchin</u>, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." <u>Wolfe</u>, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. <u>Walker</u>, 589 F.3d at 139.

## ANALYSIS

**1.      Failure to Exhaust:**

In the Motion to Dismiss, Respondents argue that Petitioner's Petition should be dismissed for failure to exhaust. (Document Nos. 24 and 25.) Respondents assert that "Petitioner suffers from neither inordinate delay nor an absence of corrective process, as she only recently filed for post-conviction relief in State court." (Document No. 25, p. 9.)

In Response, Petitioner acknowledges that three of her twelve claims are unexhausted. (Document No. 36, pp. 1 - 2, 32.) Specifically, Petitioner acknowledges that the following claims are unexhausted: (1) "The arresting officer perjured himself repeatedly and misrepresented facts to the court" (Ground 10); (2) "Constitutional errors in the ruling by the West Virginia Supreme Court of Appeals" (Ground 11); and (3) "Ineffective assistance of appellate counsel" (Ground 12). (Id.) Petitioner, however, contends that she should be excused from exhaustion pursuant to Section 2254(b)(1)(B)(ii). (Id.) In support, Petitioner first complains "the Circuit Court of Greenbrier County is dragging its feet in dealing with Petitioner's State habeas." (Id., p. 3.) Petitioner states that she has filed a Writ of Prohibition against Circuit Judge Richardson for "not acting 'promptly' pursuant to the West Virginia Rules of Procedure Governing the Writ for Habeas Corpus." (Id.) Petitioner states that Circuit Judge Richardson "has yet to respond to the State *habeas*." (Id.) Although Petitioner acknowledges that the delay has not been as lengthy as the delay set forth in "Garden v. Plumley (S.D.W.Va. 2013)," Petitioner contends that the delay is "inordinate" because it "affects her ability to timely seek federal review under AEDPA." (Id.) Petitioner states "she is four months into the statute of limitations." (Id.) Second, Petitioner appears to argue that the State court process is ineffective to protect her rights because the State court has already considered and rejected the merits of her exhausted *habeas* claims. (Id., pp. 3 – 5.) Petitioner claims the "State court has been ineffective since day one to protect the rights of

the Petitioner by making arbitrary decisions and engaging in egregious acts that were in direct violation of protected constitutional rights." (Id.) Petitioner then argues the merits of each of the grounds for *habeas* relief that were asserted, and denied, on direct appeal. (Id., pp. 6 – 32.) Petitioner further concludes that her unexhausted claims have merit. (Id., p. 32.)

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, United States v. Barnette, 644 F.3d 192 (4ᵗʰ Cir. 2011). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite "book and verse on the federal constitution," "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations

omitted); <u>Baker v. Corcoran</u>, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be

presented face-up and squarely; the federal question must be plainly defined." <u>Matthews</u>, <u>supra</u>,

105 F.3d at 911. "If state courts are to be given the opportunity to correct alleged violations of

prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting

claims under the United States Constitution. If a habeas petitioner wishes to claim that an

evidentiary ruling at a state court trial denied him the due process of law guaranteed by the

Fourteenth Amendment, he must say so, not only in federal court, but in state court." <u>Duncan v.

Henry</u>, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); <u>see also</u> <u>Baldwin v.

Reese</u>, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant

wishing to raise a federal issue can easily indicate the federal law basis for his claim in a

state-court petition or brief, for example, by citing in conjunction with the claim the federal

source of law on which he relies or a case deciding such a claim on federal grounds, or by simply

labeling the claim 'federal'"). Petitioner must also provide the state court with the facts

supporting the claimed constitutional violation and "explain how those alleged events establish a

violation of his constitutional rights." <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th Cir. 1994). The

requirement of presentation of the same claim to all appropriate state courts is designed to give

"the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526

U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by

presentation to the state's highest court on either direct or collateral review. <u>Id.</u> at 844, 119 S.Ct.

at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the

following: (1) stating cognizable federal constitutional claims in a direct appeal to the West

Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a

petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice.[4] Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

Generally, a federal district court may not review a Section 2254 petition unless there has been "total exhaustion" of the presented issues. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); also see Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(When a petitioner fails to exhaust his state court remedies, a federal *habeas* petition should be dismissed.) When a petitioner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the District Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). "[N]otwithstanding the failure of an applicant to exhaust the remedies available in the courts of the state," a district court may deny the unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2); also see White v. Keller, 2013 WL 791008, * 5 (M.D.N.C. March 4, 2013). To be excused from the exhaustion requirement, Petitioner must establish that "there is an absence of available State corrective process" or "circumstances exist that render

---

[4] An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The foregoing statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); also see Farmer v. Circuit Court of Md. for Balt. City., 31 F.3d 219, 223 (4th Cir. 1994)("There is . . . authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance."). A finding of futility sufficient to excuse exhaustion may be found where either something in the record of the petitioner's case clearly indicates that the state court where petitioner otherwise could seek relief will not consider the petitioner's claim, or the law of the state clearly precludes any further review of the petitioner's claim. Knight v. State of West Virginia, 981 F.2d 1251 (4th Cir. 1992)("[W]hen it is clear that the state court will refuse to entertain a habeas petitioner's claim, the prisoner need not exhaust his state remedies, because the prisoner is not required to exhaust a claim when seek relief in the state courts would clearly be futile.")(citing Teague v. Lane, 489 U.S. 288 (1989)). Additionally, "[s]tate remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." Ward v. Freeman, 46 F.3d 1129 (4th Cir. 1995)(unpublished table decision).

   *(a)     Futility:*

Petitioner appears to argue that it would be futile to present her unexhausted claims to the State court because the State court has already considered and rejected nine of her twelve grounds for *habeas* relief. (Document No. 36, pp. 3 – 5.) Petitioner claims the "State court has been ineffective since day one to protect the rights of the Petitioner by making arbitrary decisions and engaging in egregious acts that were in direct violation of protected constitutional

rights." (Id.) The undersigned, however, finds that Petitioner's prediction that she will be unsuccessful on the merits of her unexhausted claims in State court does not satisfy the futility exception. In Engle v. Isaac, the Supreme Court held that a petitioner "may not bypass the state courts simply because [s]he thinks they will be unsympathetic to the claim." Engle v. Isaac, 456 U.S. 107, 130, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); also see Parker v. Kelchner, 429 F.3d 58, 62 (3rd Cir. 2005)("Allowing petitioners to bypass state court merely because they believe that their constitutional claims would have failed there on the merits would fly in the face of comity and would deprive state courts of a critical opportunity to examine and refine their constitutional jurisprudence."); Jones v. Keane, 329 F.3d 290, 294-95 (2nd Cir. 2003)(finding that the exhaustion requirement barred review despite the "fact that the New York Court of Appeals may have been unlikely to grant [petitioner] relief on [the] claim"); White v. Peters, 990 F.2d 338, 341-42 (7th Cir. 1993)("the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim"). The undersigned further notes that Petitioner is not procedurally barred from raising her unexhausted claims in State court. The principle of comity dictates that Petitioner, as convicted state prisoner, must fairly present her unexhausted federal constitutional claims to the State courts first and permit them the opportunity to address them. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). As stated above, Petitioner has the burden of establishing that the State court proceedings are "so clearly deficient as to render futile any effort to obtain relief." Duckworth, supra, 454 U.S. at 3. Petitioner has plainly failed to meet this burden. Accordingly, the undersigned respectfully recommends that the District Court find that the futility exception does not excuse Petitioner from exhausting her claims in State court.

*(b)*     *Inordinate Delay:*

Petitioner argues that the Court should find delay in her State court proceedings to be inordinate because the State court is "dragging its feet in dealing with Petitioner's State habeas." (Document No. 36, pp. 3 – 4.) Petitioner states that she has filed a Writ of Prohibition against Circuit Judge Richardson for "not acting 'promptly' pursuant to the West Virginia Rules of Procedure Governing the Writ for Habeas Corpus." (Id.) Petitioner states that Circuit Judge Richardson "has yet to respond to the State *habeas*." (Id.) Although Petitioner acknowledges that the delay has not been as lengthy as the delay set forth in Garden v. Plumley (S.D.W.Va.), Petitioner contends that the delay is "inordinate" because it "affects her ability to timely seek federal review under AEDPA." (Id.) Petitioner states that "she is four months into the statute of limitations." (Id.)

As stated above, in extreme cases, state remedies "may be render ineffective by inordinate delay or inaction in state proceedings" so that exhaustion of those remedies is excused. Ward, 46 F.3d at 1129. When determining whether the alleged delay is inordinate such that exhaustion should be excused, courts should consider the following factors: (1) "the length of delay;" (2) "the significance of any action that has been taken in state court;" and (3) "the party responsible for the complained-of delay." Plymail v. Mirandy, 2017 WL 4280676, * 7 (S.D.W.Va. Sep. 27, 2017)(J. Chambers)(citations omitted). "If an inordinate delay is found, the burden shifts to the State to provide justification for the delay and to demonstrate why the petitioner should still be required to exhaust his state court remedies before seeking relief in federal court. Id. (citing Story v. Kindt, 26 F.3d 402, 405 (3rd Cir. 1994)).

First, the undersigned will consider the length of delay. The undisputed record reveals that the SCAWV affirmed Petitioner's conviction and sentence on April 28, 2017. (Document

No. 24-30, pp. 2 - 10.) The SCAWV issued its mandate on May 31, 2017. (Document No. 24-30, p. 11.) The following day (June 1, 2017), Petitioner filed her instant Section 2254 Petition. (Document Nos. 2 and 3.) On June 12, 2017, the Circuit Court vacated its order staying the execution of Petitioner's sentence ordering that Petitioner begin serving her term of home confinement on June 15, 2017, and to make restitution to the victim by June 30, 2017. (Document No. 13-1.) On July 11, 2017, Petitioner filed her *habeas* petition in the Circuit Court of Greenbrier County. (Document No. 24-31.) When filing her Response to Respondents' Motion to Dismiss on October 2, 2017, Petitioner asserts inordinate delay because the Circuit Court had not yet taken action on her State *habeas* petition. At the time of the filing of her Federal *habeas* Petition, Petitioner had not yet filed a State *habeas* petition and the mandate on her direct appeal had just been issued. Petitioner has now filed a State *habeas* petition and complains that the passing of less than three months from the filing date, without action by the State court, constitutes inordinate delay. Generally, courts find an inordinate delay only when long periods of time have passed. See Brennan v. McGraw, 2012 WL 3656487 (S.D.W.Va. Aug. 24, 2012)(J. Goodwin)(citations omitted)("[D]elay only rises to the level of 'inordinate' in extreme cases."); also see Turner v. Bagley, 401 F.3d 718, 726-27 (6th Cir. 2004)(excusing exhaustion where the petitioner's state direct appeal had been pending for 11 years); Lee v. Stickman, 357 F.3d 338, 341-42 (3rd Cir. 2004)(holding that an 8-year delay in reaching the merits of a post-conviction petition constitute inordinate delay); Mathis v. Hood, 851 F.2d 612, 614 (2nd Cir. 1988)(finding a 6-year delay of direct appeal constitutes inordinate delay); Gardner v. Plumley, 2013 WL 5999041 (S.D.W.Va. Nov. 12, 2013)(J. Goodwin)(finding inordinate delay where petitioner's state proceedings were pending for nearly 20 years without a decision from the state court). Thus, courts generally reject claims of inordinate delay when there are only brief

periods of delay. <u>Also see</u> <u>Miller v. McFadden</u>, 2015 WL 846530 (D.S.C. Feb. 26, 2015)(finding no inordinate delay where the time between when the petition was filed and when the Circuit Court issued its Order of Dismissal was approximately 24 months); <u>Cobarruvias v. Cartledge</u>, 2012 WL 6772231, * 2 (D.S.C. Nov. 2012)(finding that 22 months does not qualify as inordinate delay); <u>Short v. Hoke</u>, 2010 WL 2509633 (S.D.W.Va. June 18, 2010)(J. Faber)(finding no inordinate delay based upon petitioner's State petition pending in the circuit court for little more than a year); <u>Walkup v. Haines</u>, 2005 WL 2428163 (S.D.W.Va. Sept. 30, 2005)(J. Faber)(finding a 3 year delay not to be inordinate delay); <u>Cook v. Florida Parole and Probation Commission</u>, 749 F.2d 678 (11th Cir. 1985)(finding a three and half year delay in ruling on petitioner's *habeas* petition to be insufficient to justify excusing the exhaustion requirement); and <u>Booker v. Kelly</u>, 636 F.Supp. 319 (W.D.N.Y. 1986)(finding no complete absence of state corrective procedure based upon a three year delay of petitioner's appeal caused by ineffective assistance of counsel). Based on the foregoing, the undersigned finds that the allege delay in Petitioner's State *habeas* petition is clearly not the magnitude of delay that has been determined to be inordinate. Petitioner's State *habeas* petition was just recently filed in the Circuit Court, and such a filing occurred subsequent to the filing of her Federal *habeas* petition. To the extent Petitioner contends that the delay is "inordinate" because it "affects her ability to timely seek federal review under AEDPA," Petitioner's argument is without merit. For reasons fully explained in Section 2 below, Petitioner is incorrect in her calculation of the limitations period. Accordingly, the foregoing factor does not weigh in favor of excusing exhaustion.

Next, the undersigned will consider the progress of Petitioner's *habeas* proceedings in State court. <u>See</u> <u>Lee v. Stickman</u>, 357 F.3d 338, 342 (3rd Cir. 2004)(When considering the length of the delay, the court should also consider "the degree of progress made in state court.")

Petitioner complains that no action has occurred since the filing of her State *habeas* petition. Petitioner notes that she recently filed a Petition/Motion requesting action by the State court. Importantly, the undersigned again notes that Petitioner's State *habeas* petition was pending less than three months when she filed her Response complaining of inordinate delay. Even if a case is progressing slowly in state court, a federal court should not excuse exhaustion if the state case is proceeding normally. Burkett v. Cunningham, 826 F.2d 1208, 1218 (3rd Cir. 1987). Due to the infancy of Petitioner's State *habeas* petition, the undersigned cannot find that the lack of action on the part of the State court is abnormal. Thus, the foregoing factor does not weigh in favor of excusing exhaustion.

Finally, the undersigned will consider who is responsible for the alleged delay. Courts within the Fourth Circuit have indicated that the "inordinate delay" must be attributable to the state's procedures that infringe on the petitioner's due process right, and not attributable to the petitioner's own actions. See Walkup, supra, 2005 WL 2428163 at 3; also see Tinsley v. Warden, 2016 WL 1625243 (D.S.C. April 21, 2016); Matthews, supra, 51 F.3d at 267(noting that nearly a 4-year delay was not inordinate because some of the delay was attributable to the petitioner). As stated above, the undersigned cannot find that Petitioner's allegations support a finding of delay. Again, Petitioner's State *habeas* proceedings are in their infancy and there is no indication that the alleged delay is "attributable to the state's procedures that infringe on the petitioner's due process right." Gary v. Bodison, 2010 WL 2195464, * 3 (D.S.C. June 1, 2010)(Generally, exhaustion is only excused in "cases where a delay in state court proceedings amounts to a denial of petitioner's due process rights."); Gilchrist v. Hagan, 2005 WL 3747428 (D.S.C. March 11, 2005)(finding that "a 16 month wait is not excessive and thus weighs in favor of a finding that there has been no due process violation"). Therefore, the foregoing factor does

not weigh in favor of excusing exhaustion.

Based upon the foregoing, the undersigned finds that Petitioner has failed to exhaust her State remedies and has not raised sufficient grounds to justify excusing the exhaustion requirement. The undersigned cannot find that Petitioner's state remedies have been rendered unavailable or ineffective by inordinate delay that is attributable to the State. The undersigned, therefore, will consider whether a stay should be granted in Section 2 below.

**2.     Stay and Abeyance:**

In their Motion to Dismiss, Respondents argue that Petitioner's Petition should be dismissed rather than stayed. (Document Nos. 24 and 25.) Specifically, Respondents argue that "Petitioner cannot demonstrate good cause necessary to stay her Federal proceedings, and she currently has the entire one-year period under 28 U.S.C. § 2244(d) in which to refile for Federal review at the conclusion of her State proceedings." (Document No. 25, p. 9.) Respondents claim that "[a] stay of Petitioner's Federal proceedings at such a point where Petitioner has only recently begun her State corrective process would only create a notable period of inaction on this Court's docket." (Id.)

In Response, Petitioner argues that the Court should stay, rather than dismiss, her mixed petition if the Court fails to excuse her failure to exhaust. (Document No. 36, p. 2.) Petitioner disputes that State's argument that Petitioner will have "ample time" to "refile her petition once she has concluded the State *habeas* proceeding." (Id.) Specifically, Petitioner argues that "the State has erred in the time calculations under AEDPA and 28 U.S.C. § 2244." (Id.) Petitioner states that "her time to seek federal review started" on May 31, 2017, when the SCAWV issued its mandate. (Id., pp. 2 – 3.) Petitioner argues that with the limitation period beginning to run on May 31, 2017, the State is "misguided" in its argument that "there is enough time to exhaust the

unexhausted claims and return to federal court." (Id., p. 3.) Petitioner concludes that if her instant *habeas* Petition is dismissed without prejudice, she could be forever barred from seeking federal relief due to the statute of limitations. (Id.)

In <u>Rhines</u>, the Supreme Court determined that when a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). The Supreme Court, however, cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. <u>Id.</u>, 544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

<u>Id.</u>, 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id.</u> (noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); <u>also see</u> <u>Demere v. Ballard</u>, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court").

Applying the <u>Rhines</u> standard to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted. The undersigned finds that the record does not support such a timeliness concern regarding the filing of Petitioner's Section 2254 Petition. Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[5] The SCAWV affirmed Petitioner's conviction and sentence on April 28, 2017. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, and therefore her conviction became final under 28 U.S.C. § 2244(d)(1)(A) on July 28, 2017 (90 days after the West Virginia

---

[5] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Supreme Court of Appeals denied his Petition for Appeal of his conviction and sentence).[6] <u>See</u>

<u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 (4th Cir. 2000). Thus, pursuant to Rule 6(a) of the

Federal Rules of Civil Procedure, the one-year statute of limitation would have begun to run on

July 29, 2017. The statute of limitations, however, remained tolled because Petitioner filed her

State *habeas* petition with the Circuit Court of Greenbrier County (Case No. 17-C-139) on July

11, 2017. Petitioner's State *habeas* petition is currently pending in the Circuit Court of

Greenbrier County, and the statute of limitations is currently tolled. Considering the procedural

history of Petitioner's State court proceedings, the undersigned notes that Petitioner has evaded

any expiration of time under the limitation period. Upon the conclusion of Petitioner's State

*habeas* proceedings, Petitioner will have the full one-year period in which to file a Section 2254

Petition in federal court. Accordingly, the undersigned finds that dismissal will not jeopardize

the timeliness of Petitioner's Section 2254 Petition, and she cannot at this time demonstrate good

cause for her failure to present her claims to the State Courts prior to seeking federal *habeas*

---

[6] Although the West Virginia Rules of Appellate Procedure provide that the date of issuance of a mandate is when a judgment becomes final, that is not the case with respect to the filing of a petition for a writ of certiorari and the calculation of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A). Pursuant to Rule 13.1 of the United States Supreme Court Rules:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, *entered by a state court of last resort . . .* is timely filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days *after entry of the order denying discretionary review*.

Sup. Ct. R. 13.1 [Emphasis added]. Thus, the 90-day period for filing a petition for a writ of certiorari runs from the date that the SCAWV's Memorandum Decision was entered, and *not* the date of the mandate.

relief. Accordingly, undersigned recommends that Respondent's Motion to Dismiss be granted and Petitioner's Petition be dismissed without prejudice.

**3.      Petitioner's Motion for Preliminary Injunction or Temporary Restraining Order:**

On June 27, 2017, Petitioner filed a "Motion for Preliminary Injunction or Temporary Restraining Order Under Rule 65" and Memorandum in Support. (Document Nos. 18 and 19.) Specifically, Petitioner requests that this Court grant Petitioner a preliminary injunction or temporary restraining order "against the Circuit Court of Greenbrier County, West Virginia, until such time that this Court can rule on Petitioner's motion for stay or the *habeas corpus* petition." (Id.) On June 30, 2017, Petitioner filed her Reply to Respondents' Response in Opposition. (Document No. 20.)

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long

as is necessary to hold a hearing, and no longer.' <u>Granny Goose</u>, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).

Based upon the foregoing, the undersigned has recommended that Petitioner's Section 2254 Petition be dismissed. By Order entered on July 5, 2017, the undersigned denied Petitioner's "Motion to Stay Under 28 U.S.C. § 2251." (Document No. 22.) Accordingly, the undersigned finds that Petitioner's request for injunctive relief should be denied as she cannot establish that she is likely to succeed on the merits.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's "Motion for Preliminary Injunction or Temporary Restraining Order Under Rule 65" (Document No. 18), **GRANT** Respondents' "Motion to Dismiss for Failure to Exhaust" (Document No. 24), **DISMISS** without prejudice Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document Nos. 2 and 3), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: December 21, 2017.

Omar J. Aboulhosn
United States Magistrate Judge

33